IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DE LAGE LANDEN FINANCIAL SERVICES,
INC.,
Plaintiff,

v.

BRIAN MESNARD, d/b/a PATRIOT CABLE
CONSTRUCTION
Defendant.

Case No. 19–CV–00889–JPG

## JUDGMENT DECREE & WRIT OF REPLEVIN

This case arises out of Defendant Brian Mesnard's default on two loans. Before the Court is Plaintiff De Lage Landen Financial Services, Inc.'s Motion for Default Judgment and Motion for a Writ of Replevin. (ECF No. 10).

In November 2015, Plaintiff lent Defendant (doing business as Patriot Cable Construction) $179,745.80 to purchase the following equipment: (1) one 2015 Vermeer D20X22III Directional Drill (Serial No. 1VRA170V2F1000297) with a MX125 Mixer (Serial No. 1VRX030U4B1002348); (2) a 2012 DCI SE Locating System (Serial No. 30017428); and (3) one 2014 Custom Heavy Haul 10T172XTBW Trailer (VIN No. 1L9PU1726EG423075). (ECF No. 10 at 15). Plaintiff took a lien interest on the equipment and filed a UCC Financing Statement with the Secretary of State. (ECF No. 10 at 21).

In July 2017, Plaintiff lent Defendant an additional $179,394 to purchase one 2017 Vermeer D20X22III Directional Drill (Serial No. 1VRA170V1H1000908) with attachments. (ECF No. 10 at 22). Again, Plaintiff took a lien interest on the equipment and filed a UCC Financing Statement with the Secretary of State. (ECF No. 10 at 26).

Plaintiff filed a Verified Complaint in this Court against Defendant on August 13, 2019, after Defendant failed to make payments on the loans. (ECF No. 1). Defendant was served on

August 19. (ECF No. 8). Federal Rule of Civil Procedure 12(a) requires defendants to answer the complaint within 21 days after being served. Defendant did not answer the complaint, and the Court entered default. (ECF No. 12). Plaintiff now seeks an order of default judgment and a writ of replevin to recover the equipment. (ECF No. 10).

The Court must enter default judgment when the requirements under Federal Rule of Civil Procedure 55(b) are met. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." FED. R. CIV. P. 55(b)(1). "[A] sum that could be made certain by computation" includes "[a] claim based on a loan, when the unpaid amount of the loan could be calculated based on loan documents and other information provided by the plaintiff." MOORE'S FED. PRACTICE § 55.20[2] (3d ed. 2019).

The damages in this case are for a sum that can be made certain by computation. Both loan agreements detail that, in the event of default, Plaintiff is entitled to recover the following sums: (1) the unpaid payments due; (2) late charges on the unpaid payments due at a rate of five percent; (3) the accelerated balance due, discounted at a rate of three percent; (4) interest on the total of (1), (2), and (3) at a rate of two percent per annum from February 1, 2019, to October 2, 2019, and continuing to accrue at a rate of 8.79% per diem until entry of judgment; and (5) any other expenses incurred by Plaintiff in connection with enforcing its rights under the loan agreements.

The first loan was for $179,745.80, and the second loan was for $179,394. (ECF No. 10 at 15, 22). According to Kenneth Jones's affidavit—Plaintiff's litigation and bankruptcy specialist familiar with the loans in question—the unpaid payments due on the loans at the time of default were $3,407.65 and $23,382.59, respectively. (ECF No. 10 at 38). The loans incurred late charges

of $170.38 and $1,169.13, respectively. The accelerated balance due on the loans, discounted at a rate of three percent, is $12,630.93 and $120,947.12, respectively. (ECF No. 10 at 38, 39). And the interest accrued on the loans as of this default judgment is $213.58 and $1,921.76, respectively. Defendant also incurred the following other expenses: a $56.50 finance charge on the first loan; a $263.00 finance charge on the second loan; a $1,271.81 insurance charge on the second loan; and a $25.00 NSF fee on the second loan. The sum recoverable on the first loan is thus $16,265.26; and the sum recoverable on the second loan is $147,058.65. The total amount due under the loans is $163,324.11, excluding prejudgment interest, attorneys' fees, and costs.

**IT IS ORDERED, ADJUDGED, AND DECREED** that that **BRIAN MESNARD d/b/a PATRIOT CABLE CONSTRUCTION** is in default for failing to file his appearance, answer, or otherwise plead, after being duly served with process.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Judgment by Default is entered in favor of **DE LAGE LANDEN FINANCIAL SERVICES, INC.** and against, **BRIAN MESNARD d/b/a PATRIOT CABLE CONSTRUCTION** for:

| | | |
|---|---|---:|
| a. | Amount due under the loans . . . . . . . . . . . . . . . . . . . . . . | $ 163,324.11 |
| b. | Prejudgment interest at the rate of two percent per month from February 1, 2019, to October 2, 2019 (8.79% per diem until entry of judgment) . . . . . . . . . . . | $ 2,135.34 |
| c. | Attorneys' fees and costs . . . . . . . . . . . . . . . . . . . . . . . . . | $ 2,170.00 |
| d. | TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 167,629.45 |

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff De Lage Landen Financial Services, Inc. established its superior right to possession of the disputed equipment (as defined in the Verified Complaint and listed below) and has demonstrated to the Court the probability that it will ultimately prevail on the underlying claim to possession.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal at 750 Missouri Avenue, Room 127, East St. Louis, Illinois 62201, or such other person specially appointed to whom this Writ is directed, after receiving from Plaintiff De Lage Landen Financial Services, Inc., or someone else on its behalf, a bond of security in the amount of double the value of the property (for a total bond of $189,064.00), shall take possession of the collateral, or any portion thereof, from **BRIAN MESNARD d/b/a PATRIOT CABLE CONSTRUCTION** at 1441 East Elbow Lane, Noble, Illinois 62868, or wherever it may be found, and delivered the same to Plaintiff. The collateral is described as follows:

1. One 2015 Vermeer D20X22III Directional Drill (Serial No. 1VRA170V2F1000297) with a MX125 Mixer (Serial No. 1VRX030U4B1002348);
2. One 2012 DCI SE Locating System (Serial No. 30017428);
3. One 2014 Custom Heavy Haul 10T172XTBW Trailer (VIN No. 1L9PU1726EG423075); and
4. One 2017 Vermeer D20X22III Directional Drill (Serial No. 1VRA170V1H1000908) with attachments.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that **BRIAN MESNARD d/b/a PATRIOT CABLE CONSTRUCTION** is directed to surrender the collateral to Plaintiff De Lage Landen Financial Services, Inc. within fourteen days of the Court's entry of this Order or be held in contempt.

**IT IS SO ORDERED.**

**Dated: Thursday, January 30, 2020**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
